**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4360**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

THOMAS JEROME NEAL,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.   Thomas David
Schroeder, District Judge. (1:10-cr-00359-TDS-1)

Submitted:  September 29, 2011      Decided:  October 4, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Diana L. Stavroulakis, Pittsburgh, Pennsylvania, for Appellant.
Clifton  Thomas  Barrett,  Assistant  United  States  Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Jerome Neal pled guilty to distributing 27.8 grams of cocaine base "crack" in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (2006), and was sentenced to 120 months of imprisonment. On appeal, Neal's sole issue is that he should have been sentenced under the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220. Currently pending before this court is Neal's unopposed motion to remand this case to the district court to allow Neal to be resentenced in accordance with the FSA.

Based on our consideration of the materials submitted with this motion, we grant the motion to remand, vacate the sentence, and remand this case to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant like Neal whose offenses were committed prior to August 3, 2010, the effective date of the Act, but who was sentenced after that date, leaving that determination in the first instance to the district court.[*] Because Neal does not contest his conviction on appeal, we affirm his conviction.

---

[*] See United States v. Bullard, 645 F.3d 237, 248 n.5 (4th Cir. 2011) (reserving judgment on the question "whether the FSA could be found to apply to defendants whose offenses were committed before August 3, 2010, but who have not yet been sentenced").

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>